ROBERT SHIPP *v.* COMMONWEALTH.

**Criminal Law—Homicide—Admissibility of Evidence.**
When an accused is on trial for murder an indictment against him for carrying concealed a deadly weapon is not admissible in evidence against him, and even if it were competent evidence for any purpose it should have been proved by the record and not by verbal testimony.

**Competency of Witness.**
Where two persons are jointly indicted for the same offense the statute provides that each shall be a competent witness for the other unless the indictment charges a conspiracy.

**Code of 1877—Practice.**
A criminal trial held after January 1, 1877, should have been conducted in all respects according to the provisions of the Code of 1877, notwithstanding the offense may have been committed prior to that time.

APPEAL FROM MARION CIRCUIT COURT.

June 9, 1877.

OPINION BY JUDGE COFER:

At the June term, 1875, of the Marion Circuit Court, the appellant and his brother, J. A. Shipp, were jointly indicted for the murder of Benoni O. Rodgers. The venue was changed to Washington county. They demanded separate trials. The appellant was tried first, and at the March term, 1877, was found guilty and sentenced to confinement in the penitentiary for life. From that judgment he prosecutes this appeal. The errors complained of will be stated and disposed of seriatim.

The commonwealth proved by a witness that J. A. Shipp was indicted in the Marion Circuit Court, and then read to the jury an indictment against "Sheck" Shipp for carrying concealed a deadly weapon.

If the indictment was competent evidence it should have been proved by the record, and not by verbal testimony. We assume, though there is no evidence of the fact in this record, that the indictment was against J. A. Shipp by the name of Sheck Shipp, but we are unable to perceive any ground upon which it could have been competent evidence against the appellant, and none is suggested by counsel.

After the commonwealth's attorney had announced that he was through with the evidence for the commonwealth, and the counsel for the appellant had stated his defense to the jury, the commonwealth was allowed to introduce and examine a witness-in-chief. In this we perceive no error. The appellant had not commenced his evidence and cannot have been prejudiced by the action of the court. But nearly all of the testimony of that witness was incompetent. He testified that he was a practicing attorney; that in the afternoon of the day on which Rodgers was killed a man who called himself Shipp came into his office to employ him to defend him; that he seemed conscious of the existence of the indictment, and to be under the impression that old man Rodgers (the deceased) had indicted him; that he (witness) went with him to the clerk's office and showed him there was but one witness's name to the indictment, and that was Rodgers's son's name.

That the witness saw J. A. Shipp in Lebanon on the day on which the homicide was committed was competent evidence, but everything else stated by the witness was incompetent. That J. A. Shipp was

indicted for carrying concealed a deadly weapon, and desired an attorney to defend him, could not possibly illustrate the questions being tried, and the evidence of these facts should not have been admitted.

The appellant offered J. A. Shipp as a witness in his behalf, but on objection by the commonwealth to his competency he was not permitted to testify. This was error: Section 1, of the Criminal Code of 1877, provides: "That the provisions of this act shall regulate the proceedings in all prosecutions and penal actions in all the courts of the commonwealth, from and after the first day of January, 1877."

The trial having taken place after the first day of January, 1877, it should have been conducted in all respects according to the provisions of the present Code, Sec. 234 of which reads as follows: "If two or more persons be jointly indicted for the same offense, each shall be a competent witness for the others, unless the indictment charges a conspiracy." The indictment did not charge a conspiracy, and J. A. Shipp was therefore a competent witness.

Section 2 of the Code relates only to the validity of indictments and proceedings pending when the Code went into effect, and does not relate to mere matters of practice. The word "proceedings" in that action refers to the foundation of the prosecution, that is, that which stands in the place of an indictment, as a warrant, or a petition in a penal action.

We entertain some doubt whether the second instruction may not be susceptible of a construction which would be prejudicial to the rights of the appellant. The jury may have understood the court to mean that if he was voluntarily present when Rodgers was killed and did any act, which in fact aided his brother in committing the homicide, he was guilty whether or not the act was prompted by an evil mind, or was intended to aid in the accomplishment of the offense. The instruction would be free from the objection if instead of the words "or render any assistance whatever to the perpetrator" it had read "or render any assistance whatever with the intent to aid the perpetrator in the commission of the offense."

Instructions Nos. 6 and 7, asked by the appellant, were properly refused. No. 6 would have been misleading. It isolated the appellant's presence and approval of the killing from all the other facts in the case, and told the jury that these were not sufficient to constitute guilt. No. 4 given for the defense is in substance the same

30

as No. 7, and it was not only unnecessary, but it would have been improper to repeat what had already been given.

For the errors indicated the judgment is *reversed,* and the cause remanded for a new trial upon principles not inconsistent with this opinion.

*Russell & Arritt, Belden & Shuck, for appellant.*

*Moss, for appellee.*